# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE A. MONTEAGUDO,<br><br>                        Plaintiff,<br>   vs.<br><br>LORNA A. ALKSNE, in her official capacity as Supervising Judge, Family Court for California Superior Court, San Diego County; JUDITH MCCONNELL, in her official capacity as Administrative Presiding Justice of the California Court of Appeal, Fourth District, Division One; TANI GORRE CANTIL-SAKAUYE, in her official capacity as Chief Justice of the California Supreme Court,<br><br>                        Defendants. | CASE NO. 11-CV-1089 - IEG (BGS)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE**<br><br>[Doc. No. 6] |

Presently before the Court is Defendants Judge Lorna A. Alksne, Justice Judith McConnell, and Chief Justice Tani Gorre Cantil-Sakauye's motion to dismiss Plaintiff's complaint. For the reasons stated herein, the Court **GRANTS** Defendants' motion to dismiss with prejudice.

## BACKGROUND

This action arises out of Plaintiff's dissatisfaction with his state court custody proceedings. California state courts are authorized to make initial child custody and visitation determinations using the "best interest of the child" standard. *See In re Marriage of Brown & Yana*, 37 Cal. 4th

947, 955-56 (2006).  California courts determine the "best interest of the child" by "setting the matter for an adversarial hearing and considering all relevant factors, including the child's health, safety, and welfare, any history of abuse by one parent against any child or the other parent, and the nature and amount of the child's contact with the parents." *Id.*

After receiving an unfavorable custody ruling in state court, Plaintiff appealed the trial court's order and argued that the court erred in failing to apply the "strict scrutiny" instead of the "best interest" standard in ruling on Plaintiff's custody request. *See Enrique M. v. Angelina V.*, 174 Cal. App. 4th 1148, 1150-54 (2009).[1]  Plaintiff claimed that the use of the "best interest" standard in custody proceedings rather than the "strict scrutiny" standard violated Plaintiff's fundamental right to parent his child in violation of the Due Process Clause of the Fourteenth Amendment. *See id.* at 1153-54.  In a partially published opinion, the California Court of Appeal rejected Plaintiff's constitutional claim and held that courts do not have to use the "strict scrutiny" standard in resolving custody related disputes between parents. *Id.* at 1157.  Plaintiff appealed the Court of Appeal's decision, and the California Supreme Court denied his petition for review. *See Enrique M. v. Angelina V.*, 2009 Cal. LEXIS 9118 (Cal. Aug. 26, 2009).

On May 18, 2011, Plaintiff filed the present civil rights action against Defendants Judge Lorna A. Alksne, Justice Judith McConnell, and Chief Justice Tani Gorre Cantil-Sakauye seeking declaratory and injunctive relief. [Doc. No. 1.]  Specifically, Plaintiff requests that this Court require California courts to use the "strict scrutiny" standard in making child custody determinations, and Plaintiff also requests that the state court appellate opinion of *Enrique M. v. Angelina V.*, 174 Cal. App. 4th 1148, 1150-54 (2009) be depublished. [*Compl.* ¶¶ 61-63.]

## **LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint.  FED. R. CIV. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001).  The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor

---

[1] Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of Plaintiff's prior state court proceedings because they are matters of public record.  *See* FED. R. EVID. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

1  of the nonmoving party.  *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).
2  To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations,
3  rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
4  *Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff
5  pleads factual content that allows the court to draw the reasonable inference that the defendant is
6  liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009)
7  (citing *Twombly*, 550 U.S. at 556).

8  However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'
9  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of
10 action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).  A court need not accept "legal
11 conclusions" as true.  *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

12 In addition, factual allegations asserted by pro se plaintiffs, "however inartfully pleaded,"
13 are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*,
14 404 U.S. 519-20 (1972).  Thus, where a plaintiff appears in propria persona in a civil rights case,
15 the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt.  *See*
16 *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir.1988).

17 Nevertheless, and in spite of the deference the court is bound to pay to any factual
18 allegations made, it is not proper for the court to assume that "the [plaintiff] can prove facts which
19 [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of*
20 *Carpenters*, 459 U.S. 519, 526 (1983).  Nor must the court "accept as true allegations that
21 contradict matters properly subject to judicial notice or by exhibit" or those which are "merely
22 conclusory," require "unwarranted deductions" or "unreasonable inferences." *Sprewell v. Golden*
23 *State Warriors*, 266 F.3d 979, 988 (9th Cir.) (citation omitted), *amended on other grounds*, 275
24 F.3d 1187 (9th Cir.2001); *see also Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (court
25 need not accept as true unreasonable inferences or conclusions of law cast in the form of factual
26 allegations).

27 ///
28 ///

///

# DISCUSSION

## I. Defendants' Motion to Dismiss

### A. Article III Standing

Article III of the Constitution confines the federal courts to adjudicating actual "cases" and "controversies." *Allen v. Wright*, 468 U.S. 737, 750 (1984). "Standing is a core component of the Article III case or controversy requirement." *Barnum Timber Co. v. EPA*, 633 F.3d 894, 897 (9th Cir. 2011).

In order to establish standing in federal court, a plaintiff must satisfy three elements:

> First, the plaintiff must have suffered an "injury in fact" -- an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court."  Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations omitted) (quotation marks omitted).

Although Plaintiff's complaint details and criticizes his prior proceedings in state court, Plaintiff alleges that he is only seeking prospective relief. [*Compl.* ¶ 4.]  That is, Plaintiff is only asking this Court to require that in the future California state courts use the "strict scrutiny" standard in making custody determinations  [*Id.*]  However, Plaintiff does not have standing to bring such a claim.

First, Plaintiff has not alleged a sufficient "injury in fact."  Plaintiff argues that he will suffer imminent and irreparable harm from the use of the "best interest" standard instead of the "strict scrutiny standard" because he has future custody proceedings in state court. [*Pl.'s Opp'n* at 11-12; *Compl.* ¶¶ 10-11.]  However, Plaintiff has not shown that if the California courts continue to use the "best interest" standard and not the "strict scrutiny" standard, that this will result in adverse rulings causing him injury.  Plaintiff cannot make this showing because these future rulings have not yet happened, and it is unknown what these courts will do in the future.  It is possible that in the future the state courts will rule in Plaintiff's favor.  Accordingly, any

prospective injury that Plaintiff might suffer through the continued use of the "best interest" standard at this point would be "conjectural" or "hypothetical" and not "actual" or "imminent." *See Lujan*, 504 U.S. at 560.

Second, Plaintiff has not shown that granting him his requested prospective relief would redress his injuries. Even if the Court were to require California state courts to use Defendant's proposed "strict scrutiny" standard instead of the "best interest" standard, Plaintiff cannot show with any certainty that this would result in him obtaining more favorable rulings in state court. Use of the different standard might still result in Plaintiff obtaining adverse rulings in his future custody proceedings. Accordingly, the Court concludes that Plaintiff lacks standing to bring his claims for prospective relief.

**B.     The *Younger* Abstention Doctrine**

*Younger* abstention is proper where (1) there are ongoing state judicial proceedings, (2) that implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The "policy objective behind *Younger* abstention is to avoid unnecessary conflict between state and federal governments." *United States v. Morros*, 268 F.3d 695, 707 (9th Cir. 2001). *Younger* permits "state courts to try state cases free from interference by federal courts," particularly where the party to the federal case may fully litigate his claim before the state court. *Hicks v. Miranda*, 422 U.S. 332, 349 (1975) (quoting *Younger*, 401 U.S. at 43). *Younger* abstention "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts." *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973). *Younger* "generally directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir.1997).

Plaintiff argues that there are not ongoing proceedings within the meaning of *Younger* because his prior custody dispute reached final judgment. [*Pl.'s Opp'n.* at 5-6.] However, the Ninth Circuit has explained that proceedings are "ongoing" for the purposes of *Younger* abstention if a plaintiff in custody proceedings "seeks an order requiring procedural due process to be

1  observed in the future course of litigation." *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000).
2  The complaint alleges that Plaintiff has ongoing custody proceedings involving a dispute over
3  what high school his minor child will attend, and the complaint requests that state courts observe
4  Plaintiff's substantive due process rights in these future proceedings. [*Compl.* ¶¶ 10-11, 61, 63.]
5  Accordingly, Plaintiff's proceedings are ongoing within the meaning of the *Younger* abstention
6  doctrine. *See Koppel*, 203 F.3d at 613.

7  Further, Plaintiff's challenge to the standards used in state court custody proceedings
8  implicates at least two important state interests. The Supreme Court has explained that "[f]amily
9  relations are a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435 (1979); *see*
10 *also Sosna v. Iowa*, 419 U.S. 393, 404 (describing "domestic relations [as] an area that has long
11 been regarded as a virtually exclusive province of the States"). "In addition, a state has a vital
12 interest in protecting 'the authority of the judicial system, so that its orders and judgments are not
13 rendered nugatory.'" *Koppel*, 203 F.3d at 613 (quoting *Juidice v. Vail*, 430 U.S. 327, 336 n.12
14 (1977)). "This is a particularly appropriate admonition in the field of domestic relations, over
15 which federal courts have no general jurisdiction, and in which the state courts have a special
16 expertise and experience." *Id.*

17 Finally, Plaintiff has an adequate opportunity in his ongoing state proceedings to raise his
18 constitutional claims. "Minimal respect for the state processes, of course, precludes any
19 presumption that the state courts will not safeguard federal constitutional rights." *Middlesex*, 457
20 U.S. at 431. A federal court "should assume that state procedures will afford an adequate remedy,
21 in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S.
22 1, 15 (1987). "As such, a plaintiff opposing abstention bears the burden of establishing that the
23 pending state proceedings do not provide an adequate remedy for their federal claims." *E.T. v.*
24 *George*, 681 F. Supp. 2d 1151, 1176 (E.D. Cal. 2010) (citing *31 Foster Children v. Bush*, 329 F.3d
25 1255, 1279 (9th Cir. 2003)). Should Plaintiff receive another adverse ruling in state court, he
26 could bring his constitutional challenges to the use of the "best interest" standard instead of the
27 "strict scrutiny" standard in those future proceedings. That Plaintiff has already previously raised
28 his constitutional challenges in state court, *see, e.g.*, *Enrique M. v. Angelina V.*, 174 Cal. App. 4th

1148 (2009), is proof that Plaintiff has an opportunity to raise these issues in his future state court proceedings. In addition, if Plaintiff is dissatisfied with his results in state court, Plaintiff can petition the United States Supreme Court through a writ of certiorari for review of the constitutionality of his state court proceedings. *See* 28 U.S.C. 1257(a).

In sum, the Court concludes that all three requirements of the *Younger* abstention doctrine are met in Plaintiff's action. Indeed, the Ninth Circuit has specifically held that a civil rights action alleging that a state court judge violated plaintiff's due process rights in a custody battle "is precisely the type of case suited to *Younger* abstention." *Koppel*, 203 F.3d at 613. Accordingly, Plaintiff's claims should be dismissed pursuant to the *Younger* abstention doctrine.

### C. Judicial Immunity

A judge is generally immune from a civil action for damages, declaratory, injunctive and other equitable relief. *Moore v. Brewster*, 93 F.3d 1240, 1243 (9th Cir. 1996). This immunity applies "'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1872)). "Grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). However, this immunity is limited in that it only protects "judicial acts." *See Stump v. Sparkman*, 435 U.S. 349, 360 (1978); *Moore*, 96 F.3d at 1244.

All three of the Defendants are state court judges. [*Compl.* at 1.] Plaintiff argues that he is seeking to enjoin activity that is administrative rather than adjudicative. [*Pl.'s Opp'n* at 9.] However, Plaintiff's complaint states that he is suing the three Defendants in their official capacity. [*Compl.* at 1.] In addition, the relief requested by Plaintiff asks the Defendants to apply Plaintiff's "strict scrutiny" standard in future proceedings, and also asks Defendant Chief Justice Cantil-Sakauye to depublish an appellate opinion from Plaintiff's prior proceedings, so it is no longer binding precedent in state court. [*Compl.* ¶¶ 61-63.] Plaintiff is clearly challenging judicial activities, and the doctrine of judicial immunity bars all of Plaintiff's claims against the Defendant judges. *See Moore*, 93 F.3d at 1243.

///

///

### D. The *Rooker-Feldman* Doctrine

In addition, to the extent Plaintiff is attempting to challenge his prior state court custody proceedings, any such claim would be barred by the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine recognizes that federal district courts generally lack subject matter jurisdiction to review state court judgments." *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (2002). Under this doctrine, a federal district court does not have jurisdiction to hear a direct appeal from a final state court judgment. *See Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003).

The *Rooker-Feldman* doctrine also applies to *de facto* appeals. *Id.* at 1158. "It is a forbidden *de facto* appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Id.* at 1163. "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court." *Id.* at 1164.

Although the complaint alleges that Plaintiff is only seeking prospective relief, the complaint is very critical of Plaintiff's prior state court proceedings and seeks to have one of the appellate opinions from his prior proceedings depublished, so it is no longer binding precedent. [*Compl.* ¶ 4, 11, 16-24, 61-63.] To the extent Plaintiff is attempting to challenge his prior state court proceedings, any such challenge would be a *de facto* appeal of those proceedings and would be barred by the *Rooker-Feldman* doctrine. *See Noel*, 341 F.3d at 1163-64.

///
///
///
///
///
///
///

///

## CONCLUSION

For the above reasons, the Court **GRANTS** Defendants' motion to dismiss.  Because the Court concludes that amendment of the complaint would be futile given the issues addressed above, the Court **DISMISSES** Plaintiff's complaint **WITH PREJUDICE**.  *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).  The clerk is directed to close the case.

**IT IS SO ORDERED.**

**DATED:**  September 6, 2011

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**